**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Hector Garcia, Individually and on Behalf of Others Similarly Situated, Plaintiff, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:22-cv-0114 |
| | | |
| Omar Sandoval and Martin Eric Sandoval, Individually and Doing Business as OM Tree Service, Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendants Omar Sandoval and Martin Eric Sandoval, who do business under the assumed name of OM Tree Service ("OM" or "Defendants") have a business plan that includes paying non-exempt employees the same day rate for all days worked, no matter how many hours per day they work. This plan also includes not paying an overtime premium for those hours over 40 per workweek. Defendant's failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Hector Garcia ("Garcia" or "Plaintiff") is one of the workers hired by Defendants as a day-rate employee and not paid overtime pay and brings this lawsuit against Defendants to recover unpaid overtime that is required by the Fair Labor Standards Act ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Co-Workers' Claims

1.     Garcia worked for Defendants as a laborer and then supervisor from early 2020 until January 7, 2022 date. Garcia's duties included, but were not limited to, trimming and

cutting down trees and, as a supervisor, leading crews of workers in trimming and cutting down trees.

2.      During the time he worked for the Defendants, Plaintiff regularly worked in excess of 40 hours per week.

3.      Defendants paid Garcia on a day-rate basis the entire time that he worked for them, meaning that Garcia was paid the same amount of money for each day worked, irrespective of hours worked each day.  Defendants did not pay Garcia an overtime premium for any of the hours he worked in excess of 40 in a workweek.  Instead, Defendants paid Garcia the same set day rate for all the hours he worked each day.

4.      Garcia worked with other individuals who were paid on a day-rate basis. These individuals were also laborers who also regularly worked over 40 hours per week, and they were also not paid overtime pay for hours they worked in excess of 40 per workweek.

**Allegations Regarding FLSA Coverage**

5.      Defendants are a business enterprise located in Houston, Texas, and are covered by and subject to the overtime requirements of the FLSA.

6.      During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7.      During each of the three years prior to this complaint being filed, Defendants regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

8.       During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9.       During each of the three years prior to this complaint being filed, Defendants' employees used or handled goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were grown, made or manufactured outside the state of Texas.

## Plaintiff's Claims

10.      Defendants were legally required to pay Garcia and his similarly situated laborer co-workers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendants in excess of 40 in any workweek.

11.      Garcia worked over 40 hours in most of the workweeks that he worked for the Defendants.

12.      Members of the Class worked over 40 hours in most of the workweeks that they worked for the Defendants.

13.      Defendants did not pay Garcia time-and-a-half for any of the overtime hours that he worked for the Defendants.  Defendants' underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendants to gain an unfair advantage in the marketplace as compared to other tree trimming/cutting businesses that pay their employees all of the money required by law.

## Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

14.      Defendants violated the FLSA by failing to pay Garcia overtime pay for hours worked over 40 per workweek.

15.     Garcia has suffered damages as a direct result of Defendants' illegal actions.

16.     Defendants are liable to Garcia for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA.

## Collective Action Allegations

17.     The Defendants' failure to pay their employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class; that is, paying laborers on a day-rate basis without paying them overtime pay.  This generally applicable policy is prohibited by the FLSA.  Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

18.     The class of similarly situated Plaintiffs is properly defined as:

**All laborers, supervisors, and other workers who are/were employed by and paid on a day-rate basis by Defendants Omar Sandoval and Martin Eric Sandoval, doing business as OM Tree Service, during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

19.     Defendant Omar Sandoval, doing business as OM Tree Service is an "employer" as defined by the FLSA.  Omar Sandoval may be served with process at 4026 Sherry Mist Lane, Katy, Texas 77449, at 1725 Blalock Road, Houston, Texas 77080, or wherever he may be found.

20.     Defendant Martin Eric Sandoval, doing business as OM Tree Service is an "employer" as defined by the FLSA.  Omar Sandoval may be served with process at 22102 Goldstone Drive, Katy, Texas 77450, at 1725 Blalock Road, Houston, Texas 77080, or wherever he may be found.

21.     This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Garcia transacted business within this

judicial district, and the events underlying this complaint occurred within this judicial district as well.

## **Demand for Jury**

22.     Garcia demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.     Issuance of notice as soon as possible to all persons performing tree trimming or tree cutting work who are/were employed or engaged by and paid on a day-rate basis by Omar Sandoval and/or Martin Eric Sandoval, who do business under the assumed name of OM Trees, during the three-year period immediately preceding the filing of this Complaint.  Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2.     Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3.     An equal amount to the overtime wage damages as liquidated damages;
4.     Judgment against Defendants that their violations of the FLSA were willful;
5.     To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6.     All costs and attorney's fees incurred prosecuting these claims;
7.     Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and
8.     For such further relief as the Court deems just and equitable.


Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF HECTOR GARCIA**